IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOEL BARCELONA,

    Plaintiff,

v.                                      CASE NO. 5:18-cv-187-MCR-GRJ

DAVID MADDOX, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner under 28 U.S.C. § 1915(h) presently held at the Northwest Florida Reception Center, initiated this case by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983. For the reasons discussed below, Plaintiff's complaint is deficient, and dismissal is proper.

As a preliminary matter, the complaint is deficient in that Plaintiff has failed to disclose and truthfully describe previous lawsuits. A cursory initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A reveals that Plaintiff executed the civil rights complaint form under penalty of perjury. ECF No. 1 at 7. The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4. Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this

1

action," or "that relate to the fact or manner of [their] incarceration (including habeas corpus petitions) or the conditions of [their] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id.* Further, prisoners must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*

In response, Plaintiff identified one federal case involving the same or similar facts, *Barcelona v. Jones*, No. 9:15-cv-80102-RLR (S.D. Fla. filed Jan. 29, 2015), and two cases relating to the fact, manner, or conditions of his incarceration: *Barcelona v. Parish*, 9:17-cv-80178-KAM (S.D. Fla. filed Feb. 14, 2017) and *Barcelona v. Fogelgren*, 1:15-cv-23983-PCH (S.D. Fla. Nov. 23, 2015) (dismissing § 1983 action for failure to state a claim as time-barred).

But a review of the Court's PACER Case Locator reflects that Plaintiff has filed several other actions in federal district court relating to the fact or manner of his incarceration and the conditions of his confinement. *See Barcelona v. State of Florida*, No. 1:11-cv-22045-FAM (S.D. Fla. Jan. 11, 2012) (dismissing habeas corpus petition as untimely); *Barcelona v. State of Florida*, No. 1:13-cv-24362-UU (S.D. Fla. Feb. 13, 2014) (dismissing

2

habeas corpus petition as successive); *Barcelona v. Jones*, 5:18-cv-180-MCR-CJK (N.D. Fla. filed Aug. 9, 2018) (report and recommendation dismissing complaint without prejudice pending).

Plaintiff delivered the complaint in *Barcelona v. Jones*, 5:18-cv-180-MCR-CJK, to prison officials for filing on August 9, 2018, just days before he delivered the complaint in this case to prison officials for filing on August 16. There is no excuse why Plaintiff did not disclose these cases.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . .

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

. ." *Id*. The Eleventh Circuit determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form

4

could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it."). Plaintiff's failure to disclose his prior lawsuits warrants dismissal.

Plaintiff's *pro se* complaint is further deficient in that it names a co-Plaintiff "Timothy Thompson #X16037." ECF No. 1 at 1. The Eleventh Circuit has "interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing 'a personal right that does not extend to the representation of the interests of others.'" *Bass v. Benton*, 408 F. App'x 298, 298-299 (11th Cir. 2011) (quoting *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Because Plaintiff cannot proceed as counsel for co-Plaintiff Thompson, dismissal of Plaintiff's complaint is appropriate. *See Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863 (11th Cir. 2013)

5

(affirming district court's decision to: (1) dismiss § 1983 suit brought on behalf of six inmates; and (2) require each inmate to "file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed in forma pauperis").

Finally, Plaintiff's complaint is deficient in that he filed a Motion to Proceed In Forma Pauperis but attached the trust fund account balance statement from January 5 through June 22 of this year. ECF No. 2 at 6-7. In order for the Court to calculate and assess the initial partial filing fee and monthly payments under the Prison Litigation Reform Act, Plaintiff must submit "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1)(B). Plaintiff filed this complaint on August 16, 2018. Accordingly, the proper trust fund account statement would reflect the period from February 2018 through August 2018. However, because this case is due to be dismissed for the reasons discussed herein, Plaintiff is not required to supplement his Motion to Proceed In Forma Pauperis with the appropriate trust fund account statement.

For these reasons, it is respectfully **RECOMMENDED** that this case

should be **DISMISSED WITHOUT PREJUDICE.**

**IN CHAMBERS** this 27th day of August 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**